AO 106 (Rev. 04/10) Application for a Search Warrant

HH

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Canon DS126311 camera and SanDisk Ultra PLUS and 32GB MicroSD Memory card SN 5132DR55T05N, currently held in FBI storage at 425 W. Nationwide Blvd, Columbus, Ohio

Case No. 2:19-mj-311

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT B INCORPORATED HEREIN BY REFERENCE

located in the _____ Southern _____ District of _____ Ohio _____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT A INCORPORATED HEREIN BY REFERENCE

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC Secs 2251(a) and (d) | Production for child pornography in interstate commerce |
| 18 USC Secs 2252 and 2252A | Receipt/possession of child pornography/visual depictions of minors engaged in sexually explicit conduct in interstate commerce |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT INCORPORATED HEREIN BY REFERENCE

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Robert E. White II, FBI SA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 17, 2019

*Judge's signature*

City and state: Columbus, Ohio

Elizabeth Preston Deavers, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **In the Matter of the Search of:** ) | No. |
| ) | |
| **Canon DS126311 camera and SanDisk Ultra PLUS** ) | |
| **32GB MicroSD Memory card SN 5132DR55T05N,** ) | |
| **currently held in FBI secure storage at** ) | |
| **425 W. Nationwide Blvd, Columbus, OH 43215** ) | |

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Robert E. White II, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, hereby depose and state:

### I. EDUCATION TRAINING AND EXPERIENCE

1. I am a Special Agent with the FBI assigned to the Cincinnati Division and I have been a Special Agent since September 2002. I am currently assigned to the Public Corruption Squad, but have approximately 8 years of experience leading the FBI Cincinnati Child Exploitation Task Force and investigating matters involving the online exploitation of children and child pornography. I have made arrests and have executed search warrants pertaining to these types of investigations.

2. Prior to becoming a Special Agent with the FBI, I was an officer in the United States Navy for approximately twelve years. My duties included surface warfare, electronic warfare and cryptologic operations. I have my Bachelor's Degree in Computer Science and my Master's Degree in Business Administration.

3. During my career as a Special Agent, I have participated in various investigations involving computer-related offenses and have executed numerous search warrants, including those involving searches and seizures of computers, digital media, software, and electronically stored information. I have received both formal and informal training in the detection and investigation of computer-related offenses. As part of my duties as a Special Agent, I investigate criminal offenses such as child exploitation and child pornography violations, including the illegal production, distribution, transmission, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A. I am authorized to investigate violations of the laws of the

1

United States and to execute warrants issued under the authority of the United States.

## II. PURPOSE OF THE AFFIDAVIT

4.     The facts set forth below are based upon my own personal observations, investigative reports, and information provided to me by other investigators, subjects and witnesses. I have not included in this affidavit all information known by me relating to the investigation. I have only set forth facts believed to be necessary to establish probable cause in support of a search warrant for the following digital media; **Canon DS126311 camera and SanDisk Ultra PLUS 32GB MicroSD Memory card (SN 5132DR55T05N),** (hereinafter referred to as "the SUBJECT MEDIA"). The SUBJECT MEDIA was provided to Task Force Officer (TFO) Scott Baker, Willington Police, and is currently held at FBI secure storage facility, 425 W. Nationwide Blvd, Columbus, Ohio 43215. I have not withheld any evidence or information that would negate probable cause.

5.     The SUBJECT MEDIA to be searched is more particularly described in Attachment B, for the items specified in Attachment A, which items constitute instrumentalities, fruits, and evidence of violations of 18 U.S.C. §§ 2251, 2252 and 2252A – the production, transmission, receipt, and/or possession of child pornography.

## III. APPLICABLE STATUTES AND DEFINITIONS

6.     Title 18 United States Code, Section 2251(a) makes it a federal crime for any person to employ, use, persuade, induce, entice, or coerce any minor to engage in, or have a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, if such person knows or has reason to know that either the visual depiction will be transported or transmitted via a facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or that the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce, or if the visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. Subsection (e) of this provision further prohibits conspiracies or attempts to engage in such acts.

2

7. Title 18, United States Code, Section 2252, makes it a federal crime for any person to knowingly receive, distribute or possess any visual depiction of a minor engaging in sexually explicit conduct, if such receipt, distribution or possession utilized a means or facility of interstate commerce, or if such visual depiction has been mailed, shipped or transported in or affecting interstate or foreign commerce. This section also prohibits reproduction for distribution of any visual depiction of a minor engaging in sexually explicit conduct, if such reproduction utilizes any means or facility of interstate or foreign commerce, or is in or affecting interstate commerce.

8. Title 18, United States Code, Section 2252A, makes it a federal crime for any person to knowingly receive or distribute any child pornography using any means or facility of interstate commerce, or any child pornography that has been mailed, or any child pornography that has shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. This section also makes it a federal crime to possess or access with intent to view any material that contains an image of child pornography that has been mailed, shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate commerce by any means, including by computer.

9. As it used in 18 U.S.C. §§ 2251 and 2252, the term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2)(A) as: actual or simulated: sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

10. As it is used in 18 U.S.C. § 2252A(a)(2), the term "child pornography"[1] is defined in 18 U.S.C. § 2256(8) as: any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where: (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual

---

1 The term child pornography is used throughout this affidavit. All references to this term in this affidavit and the Attachments hereto include both visual depictions of minors engaged in sexually explicit conduct as referenced in 18 U.S.C. §§ 2251 and 2252 and child pornography as defined in 18 U.S.C. § 2256(8).

3

depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

11. The term "sexually explicit conduct" has the same meaning in § 2252A as in § 2252, except that for the definition of child pornography contained in § 2256(8)(B), "sexually explicit conduct" also has the meaning contained in § 2256(2)(B): (a) graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited; (b) graphic or lascivious simulated; (i) bestiality; (ii) masturbation; (iii) sadistic or masochistic abuse; or (c) graphic or simulated lascivious exhibition of the genitals or pubic area of any person.

12. The term "minor", as used herein, is defined pursuant to Title 18, United States Code, Section 2256(1) as "any person under the age of eighteen years."

13. The term "graphic," as used in the definition of sexually explicit conduct contained in 18 U.S.C. § 2256(2)(B), is defined pursuant to 18 U.S.C. § 2256(10) to mean "that a viewer can observe any part of the genitals or pubic area of any depicted person or animal during any part of the time that the sexually explicit conduct is being depicted."

14. The term "visual depiction," as used herein, is defined pursuant to 18 U.S.C. § 2256(5) to "include undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

15. The term "computer"[2] is defined in 18 U.S.C. § 1030(e)(1) as an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

## IV. BACKGROUND REGARDING DIGITAL CAMERAS AND STORAGE MEDIA

16. Based on my training and experience, a digital camera is a camera that records pictures as digitized photographs, rather than by using photographic film. Such computerized

---

[2] The term "computer" is used throughout this affidavit to refer not only to traditional laptop and desktop computers, but also to internet-capable devices such as cellular phones and tablets. Where the capabilities of these devices differ from that of a traditional computer, they are discussed separately and distinctly.

4

photograph files, or image files, can be known by several file names including AGIF@ (Graphic Interchange Format) files, or "JPG/JPEG" (Joint Photographic Experts Group) files. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

17. I know from my training and experience that electronic files ("objects") may be important to criminal investigations in two distinct ways: (1) the objects themselves may be evidence, instrumentalities, or fruits of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of the crime in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search for and seize digital media and electronic files that are evidence of a crime, contraband, instrumentalities of crime and/or fruits of crime.

18. Digital or electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a hard drive or other digital device, deleted, or viewed via the Internet, and can be stored for years at little or no cost. Even when such files have been deleted, they can be recovered months or even years later using readily available forensic tools. When a person "deletes" a file from a digital device, the data contained in the files does not actually disappear; rather the data remains on the device until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space - that is, space on a storage medium that is not allocated to a set block of storage space – for long periods of time before they are overwritten.

19. Computers, tablets, smart/cellular phones, and digital storage devices are also capable of storing and/or displaying movies of varying lengths. The creation of digital movies can be accomplished with several methods, including using a digital video camera (which is very similar to a regular video camera except that it captures the image in a digital format which can be transferred onto the computer). Such computerized movie files, or video files, can be known by several file names including "MPG/MPEG" (Moving Pictures Experts Group) files.

## V. SPECIFICS OF SEARCH AND SEIZURE OF COMPUTER AND MOBILE COMPUTING SYSTEMS

20. Searches and seizures of evidence from computers and digital storage devices commonly require agents to download or copy information from the computers and their components, or seize most or all computer items (computer hardware, computer software, and computer related documentation) to be processed later by a qualified computer expert in a laboratory or other controlled environment. This is almost always true because of the following:

   a. Computer storage devices (like hard disks, diskettes, tapes, laser disks, magneto opticals, and others) can store the equivalent of thousands of pages of information. Especially when the user wants to conceal criminal evidence, he or she often stores it in random order with deceptive file names. This requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process can take days or weeks, depending on the volume of data stored; and

   b. Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. The vast array of computer hardware and software available requires even computer experts to specialize in some systems and applications, so it is difficult to know before a search which expert should analyze the system and its data. The search of a computer system is an exacting scientific procedure which is designed to protect the integrity of the evidence and to recover even hidden, erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction (which may be caused by malicious code or normal activities of an operating system), the controlled environment of a laboratory is essential to its complete and accurate analysis.

21. In order to fully retrieve data from a computer system or digital storage device, the analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software, which may have been used to create the data (whether stored on hard drives or on external media).

## VI. SEARCH METHODOLOGY TO BE EMPLOYED

22. The search procedure of electronic data contained in computer hardware, computer software, and/or digital storage devices may include the following techniques (the following is a non-exclusive list, as other search procedures may be used):

a. Examination of all of the data contained in such computer hardware, computer software, and/or digital storage devices to view the data and determine whether that data falls within the items listed in Attachment A;

b. searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items in Attachment A;

c. surveying various files, directories and the individual files they contain;

d. opening files in order to determine their contents;

e. scanning storage areas;

f. performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment A; and/or

g. performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment A.

h. use of forensic software or hardware in order to by-pass a passcode protected or locked device, in order to either retrieve data from the device or obtain the passcode for the device itself.

## VII. INVESTIGATION AND PROBABLE CAUSE

23. Scott E. Baker, a Detective of the Wilmington Police Department is a Task Force Officer (TFO), with the Federal Bureau of Investigation ("FBI"), Cincinnati Division and assigned to special investigations at the Warren County Drug Task Force. TFO Baker has been employed as a Patrol Officer with the City of Wilmington Police Department since 2007 and promoted to Detective in 2012. Prior to being employed by the City of Wilmington Police Department, he served as a Patrol Officer for the Village of Blanchester from 2004 to 2007.

24. On December 12, 2018, TFO Baker and Special Agent Robert Marchiny with the Ohio Bureau of Criminal Investigations met with a Confidential Informant, hereinafter referred to as CI #1. CI #1 has worked as a paid informant for the Warren County Drug Task Force in prior years and is now a registered paid informant with Ohio BCI. CI #1 has provided TFO Baker with information that has led to several dozen successful arrests and prosecutions since 2013. CI #1 provided the information relevant to the instant investigation on a good faith basis and was not compensated in anyway.

25. During the interview with TFO Baker and SA Marchiny, CI #1 provided the

7

following information regarding the SUBJECT MEDIA. CI #1 purchased the SUBJECT MEDIA from Paul Neanover and believed it was probably stolen. CI #1 stated the next day he/she sold the camera portion of the SUBJECT MEDIA to an unknown person in Dayton, Ohio but kept the SD card so he/she could use it in another device.

26. CI #1 stated he/she plugged the SD card into a tablet to see what was on it. While searching through the videos and photos on the SD card, CI #1 observed images depicting a male subject that CI #1 recognized as Brett Rudduck, the City of Wilmington Law Director and son of Common Pleas Court Judge John Rudduck. CI #1 stated he/she also observed a photo of a small child exposing his genitals. CI #1 stated the photo was disgusting and made CI #1 physically ill to see. CI #1 stated he/she believed the child was Rudduck's youngest son. CI #1 stated he/she has children but has never taken a picture of them exposing their genitals. CI #1 stated the "photo was something that would be found on a sexual predator because nobody with a right mind would think this is ok."

27. CI #1 was very distraught and appeared genuinely concerned about the photo. CI #1 is afraid of his/her name being released because CI #1 is often in front of Rudduck's father, Judge John Rudduck for criminal misconduct. CI #1 fears if Judge Rudduck knows he/she had something to do with Brett Rudduck potentially "getting into trouble" then the Judge would punish him/her more severely in the future. CI #1 feels he/she would not have fair and impartial court proceedings if their name were to be released.

28. After speaking with TFO Baker and SA Marchiny, CI #1 was able to retrieve the Canon DS126311 camera from the person he/she sold it to. On December 13, 2018, CI #1 provided the camera to TFO Baker who entered the SUBJECT MEDIA into Detective Evidence for the Wilmington Police Department, but not into the department's general evidence reporting system because the potential target of the investigation, Brett Rudduck, has access to those evidence reports. The SUBJECT MEDIA remained in secure evidence storage of the Wilmington Police Department until being turned over to the FBI.

29. On March 18, 2019, your affiant took custody of the SUBJECT MEDIA and transported it to the FBI Columbus Resident Agency located at 425 W. Nationwide Blvd, Columbus, Ohio 43215. No examination of the SUBJECT MEDIA has been conducted and the SUBJECT MEDIA has remained in secure evidence storage since it was obtained from TFO Baker.

## VIII. CONCLUSION

30. Based on the forgoing factual information, your affiant submits there is probable cause to believe that violations of 18 U.S.C. §§ 2251, 2252 and 2252A have been committed, and evidence of those violations is located in the SUBJECT MEDIA. Your affiant respectively requests that the Court issue a search warrant authorizing the search of the SUBJECT MEDIA and the seizure of the items listed in Attachment A.

_____
Robert E. White II
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me this 17TH day of April 2019.

_____
Elizabeth Preston-Deavers
United States Magistrate Judge
United States District Court, Southern District of Ohio

9

# ATTACHMENT A
# LIST OF ITEMS TO BE SEIZED

The following materials which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Sections 2251, 2252 and 2252A.

The terms "child pornography" and "visual depictions," as used herein, have the same definitions and meanings listed in Section III of the attached affidavit, and those definitions are incorporated herein by reference.

1. Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs.

2. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, letters, e-mail messages, chat logs, electronic messages, other digital data files and web cache information) pertaining to the production, possession, receipt, or distribution of child pornography.

3. In any format and medium, all originals, computer files, copies, and negatives of child pornography or child erotica.

4. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, letters, e-mail messages, chat logs and electronic messages), identifying persons transmitting, through interstate or foreign commerce by any means, including, but not limited to, by U.S. mail or by computer, any child pornography.

5. Any and all notes, documents, records, or correspondence, in any format or medium (including, but not limited to, letters, e-mail messages, chat logs and electronic messages, and other digital data files) concerning communications between individuals about child pornography, or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography.

6. Any and all files, documents, records, or correspondence, in any format or medium (including, but not limited to, network, system, security, and user logs, databases, software registrations, data and meta data), that concern user attribution information.

10

7. Any and all visual depictions of minors, whether clothed or not, for comparison to and identification of any child pornography images or videos discovered.

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEARCHED

Canon DS126311 camera and SanDisk Ultra PLUS 32GB MicroSD Memory card (SN 5132DR55T05N), is the custody of the FBI at secure storage at 425 W. Nationwide Blvd, Columbus, OH 43215.